# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Regina M. Rodriguez

Civil Action No. 26-cv-02084-RMR

RUDY ALEXANDER VILLEDA MEJIA,

      Petitioner,

v.

JUAN BALTAZAR, in his official capacity as Warden of the ICE Denver Contract Detention Facility,
GEORGE VALDEZ, in his official capacity as Director of the Denver Field Office of United States Immigration and Customs Enforcement, Enforcement and Removal Operations,
MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security, and
TODD BLANCHE, in his official capacity as Acting Attorney General of the United States,

      Respondents.

---

## ORDER

---

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus ("Petition"), ECF No. 2, and Respondents' Motion for Expedited Ruling to Vacate Order Enjoining Respondents from Removing Petitioner from the United States ("Motion"), ECF No. 11.[1] The Court has reviewed the record and the applicable case law. For the reasons stated below, the Court **DENIES** the Petition and **GRANTS** the Motion.

---

[1] Respondents filed a Response to the Petition, ECF No. 8, and Petitioner filed a Reply, ECF No. 10.

## I.     BACKGROUND

Petitioner is a citizen of Honduras who entered the United States in 2007. ECF No. 1 ¶¶ 32-33. He fled Honduras to escape the violence and gangs. *Id.* ¶ 33. Petitioner traveled through Guatemala and Mexico and then crossed the Rio Grande to reach the United States. *Id.* ¶ 34. When he entered the United States, he had a fever and was suffering from dehydration and malnourishment from his journey. *Id.* He turned himself in to border patrols, who immediately detained him and issued an expedited order of removal under 8 U.S.C. § 1235(b)(1)(A)(i). *Id.* ¶ 35. He expressed fear of returning to Honduras and was referred to an asylum officer. *Id.* While he waited for his interview, Petitioner's health deteriorated and the Department of Homeland Security ("DHS") officer encouraged him to sign a document for "voluntary departure." *Id.* ¶ 36. After repeated daily encouragement by DHS, Petitioner signed a request to terminate the credible fear process, which left him with a final order of removal that would bar his admission for five years. *Id.* ¶ 37. He later testified before an immigration judge ("IJ") that he did not know what he was signing and that it was his own untreated medical condition that compelled him to abandon his request for protection. *Id.*

Petitioner was removed to Honduras on August 8, 2007. *Id.* ¶ 38. He had been detained in the United States for over a month by this point. *Id.* Upon his return to Honduras, Petitioner received emergency medical treatment. *Id.* ¶ 39. However, the violence that plagued Honduras did not abate. *Id.* While working at a computer repair store, Petitioner was harassed and threatened at gunpoint by gang members dressed like Honduran authorities. *Id.* ¶ 40. Petitioner moved to another part of Honduras, but the gang

members tracked him down and severely beat him and his cousin. *Id* ¶ 41. Thus, Petitioner and his cousin fled to Mexico. *Id.*

While in Mexico, Petitioner was approached by two men who offered him lawful employment in the United States. *Id.* ¶ 42. They helped him cross the border in 2010 and he has not left the United States since. *Id.* Once he crossed into the United States in 2010, Petitioner was held for ransom for six months. *Id.* ¶ 43. Petitioner's father reported the situation to a police department in Washington State, which passed the information to DHS. *Id.* Petitioner's sister paid the ransom before DHS's investigation could proceed. *Id.* ¶ 44.

On May 27, 2014, Petitioner encountered DHS officials who detained him and reinstated the 2007 order of removal against him. *Id.* ¶ 47. He was held in detention until December 11, 2014, when an IJ granted him a $5,000 bond. *Id.* ¶ 48. Petitioner challenged the reinstatement of his order of removal and the Ninth Circuit stayed his removal. *Id.* He also interviewed with an asylum officer and expressed his reasonable fear of persecution in Honduras. *Id.* ¶ 50. The officer determined that he did not possess such a fear and referred him to withholding-only proceedings, during which he could apply for restriction on removal under 8 U.S.C. § 1231(b)(3) or protection under the regulations implementing the Convention Against Torture. *Id.*

On October 6, 2016, an IJ denied his requests for protection. *Id.* ¶ 51. Petitioner appealed this decision with the Board of Immigration Appeals ("BIA"), but the appeal was dismissed on July 20, 2017. *Id.* On March 24, 2023, Petitioner moved to reopen his proceedings with the BIA. *Id.* ¶ 52. The BIA denied his motion on October 11, 2023. *Id.*

3

Petitioner filed a second motion to reopen on April 14, 2025, which was denied on March 10, 2026. *Id.* ¶ 53. From August 2018 through April 2025, Petitioner consistently reported to his scheduled check-ins. *Id.* ¶ 54. On March 30, 2026, Petitioner was detained at Denver International Airport and taken to the Immigration and Customs Enforcement ("ICE") Detention Facility in Aurora, Colorado. *Id.* ¶ 56. On March 31, 2026, Petitioner requested the Ninth Circuit review BIA's decision denying his second motion to reopen. *Id.* ¶ 57. The Ninth Circuit temporarily stayed his removal from the United States pending the submission of the administrative record and government's response to the motion. *Id.* On June 2, 2026, the Ninth Circuit dismissed Petitioner's motion seeking BIA review and declined reopening his removal proceedings. ECF No. 11 at 1-2.

Petitioner is married to a United States citizen and has United States citizen children. *Id.* ¶ 46. He has a roofing business, RVM All Metal. *Id.* He employs four other people and has never been charged with or convicted of a crime. *Id.*

## II.    LEGAL STANDARD

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Habeas corpus proceedings under 28 U.S.C. § 2241 "remain available as a forum for statutory and constitutional challenges to post-removal-period detention." *Singh v. Choate*, No. 23-cv-02069-CNS, 2024 WL 309747, at *1 (D. Colo. Jan. 26, 2024) (quoting *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001)); *see also Hernandez-Ceren v. Wolf*, No. 20-cv-01628-RM, 2020 WL 3036074, at *1 (D. Colo. June 6, 2020) ("[A] person subject to removal is in custody for habeas purposes.").

4

The writ of habeas corpus is designed to challenge "the fact or duration" of a person's confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). "In other words, habeas corpus, and thus § 2241, offers detainees release from custody when the very fact that they are detained, or detained for a certain length of time, is unlawful." *Codner v. Choate*, No. 20-cv-01050-PAB, 2020 WL 2769938, at *4 (D. Colo. May 27, 2020).

## III.    ANALYSIS

Petitioner asserts constitutional and statutory claims, *see* ECF No. 2 at 15-18, seeking immediate release, *see generally id.* This request for relief, and the legal claims and arguments upon which it is premised, are familiar to the Court and the parties. Petitioner contends that he is being improperly subjected to re-detention and requests the Court "[i]ssue a writ of habeas corpus ordering either his immediate release or a prompt bond hearing at which the government will bear the burden of justifying his detention by clear and convincing evidence in light of his previous release on bond." *Id.* at 18. Respondents contend that Petitioner's detention is reasonable under *Zadvysdas*, ECF No. 8 at 6-9, and that Petitioner has not met his burden to show there is no significant likelihood of removal in the reasonably foreseeable future, *id.* at 10-12.

### A. Petitioner's detention should be considered cumulatively under *Zadvydas*

Petitioner argues that he has been detained for a cumulative period of over nine months and, thus, his detention is unreasonable under *Zadvydas*. ECF No. 2 at 17. Respondents contend that Petitioner's current period of detention is only two months. ECF No. 8 at 6. As the Court has previously stated, a petitioner's time in detention should be considered cumulatively.  *Nguyen v. Baltazar, et al.*, 1:26-cv-01168-RMR (D. Colo.

May 6, 2026). The Court explained that § 1231(a)(6) "does not permit indefinite detention," although the statute does not specify a time limit on how long the DHS may detain a noncitizen in the post-removal period. *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). Rather, "in light of the Constitution's demands," a noncitizen may be detained only for "a period reasonably necessary to bring about that [noncitizen's] removal from the United States." *Id.*; *accord Johnson v. Arteaga-Martinez*, 596 U.S. 573, 579 (2022). The Supreme Court reasoned that "Congress previously doubted the constitutionality of detention for more than six months" and recognized six months as presumptively reasonable. *Zadvydas*, 533 U.S. at 701. "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence to rebut that showing." *Id.* "[A]n alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.

In a similar case, Judge Sweeney adopted the reasoning of other courts in the District of Colorado, holding that when determining presumptively reasonable time under *Zadvydas*, periods of detention should be determined cumulatively. *Tran v. Baltazar*, 1:26-cv-00940-CNS, 2026 WL 764002, *3 (D. Colo. Mar. 18, 2026) (citing *Aguilar v. Noem*, 25-cv-03463-NYW, 2025 WL 3514282, at *3 (D. Colo. Dec. 8, 2025) (collecting cases); *see also, e.g.*, *Pena-Gil v. Lyons*, 25-cv-03268-PAB-NRN, 2025 WL 3268333, at *2 (D. Colo. Nov. 24, 2025) (concluding the same and collecting cases in support of its determination that even though "petitioner's 20-month and five-month periods of detention

6

[were] served nonconsecutively, petitioner has nonetheless been detained longer than the six-month presumptively reasonable period")). Relying on this standard, Judge Sweeney determined that, "[b]ecause Petitioner has demonstrated that he has been cumulatively held in immigration detention for over six months (including at least three months in 2003, plus over four months since Petitioner was re-detained in November 2025), the 'presumptively reasonable period for [Petitioner's] detention has been exceeded.'" *Id*. Similarly here, Petitioner has been cumulatively detained for over six months, and his detention exceeds the presumptively reasonable standard established in *Zadvydas*.

### B.  Likelihood of Removal in the Reasonably Foreseeable Future

Under *Zadvydas*, once the 6-month period has lapsed and the petitioner provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, "the Government must respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701. Petitioner argues that "it is impossible to tell when his removal from the United States will be lawful," because the Ninth Circuit previously stayed his removal. ECF No. 2 at 16. Additionally, Petitioner contends that "an automatic stay of removal will come into effect" when he files his T nonimmigrant status. *Id.* "Given that his physical presence in the United States is a requirement for T nonimmigrant status, he has a strong interest in not being removed pursuant to an unlawful detention." *Id.*

Respondents filed a status report indicating that the Ninth Circuit "dismissed Petitioner's motion seeking review of a Board of Immigration Appeals order declining to reopen his removal proceedings." ECF No. 11 at 2. Respondents state that "United States

Immigration and Customs Enforcement (ICE) is in possession of Petitioner's valid Honduran passport and is able to remove Petitioner to Honduras." *Id.* They contend that "Petitioner remains at the Denver Contract Detention Facility because of the Court's May 18, 2026, Order prohibiting Respondents from removing him from the United States or transferring him from this District." *Id.* at 2-3.

Given the Ninth Circuit's dismissal of Petitioner's motion seeking review of his removal proceedings, Petitioner's remaining argument that his removal is not reasonably foreseeable is that an automatic stay of removal will come into effect when he files his T nonimmigrant status. "[A]n alien cannot, through unilateral action, create the very circumstance that he relies on for relief under *Zadvydas*." *Tenemea v. Noemi*, No. 25-CV-09066 (PMH), 2026 WL 948309, at *4 (S.D.N.Y. Apr. 8, 2026) (citing *Callender v. Shanahan*, 281 F. Supp. 3d 428, 435-37 (S.D.N.Y Dec. 13, 2017)). ""[E]ven if [petitioner] files additional claims in an effort to prolong the removal process, his removal will still be considered reasonably foreseeable because any resulting delay will be caused by [petitioner's] own actions." *Id.* (citing *Agoro v. District Director for Immigration Custom Enforcement*, No. 09-CV-08111, 2010 WL 9976, at *5 (S.D.N.Y. Jan. 4, 2010)). Here, Respondents have travel documents and confirmation from Honduras that they will remove Petitioner to Honduras. Therefore, his removal is reasonably foreseeable under *Zadvydas*.

## IV.    CONCLUSION

Accordingly, consistent with the foregoing analysis and based on the Court's review of the filings and documents before the Court, pursuant to the Court's authority under 28 U.S.C. § 2241(c)(3), **IT IS HEREBY ORDERED THAT**:

1.  Petitioner's Petition for Writ of Habeas Corpus, ECF No. 2, is **DENIED**;

2.  Respondents' Motion for Expedited Ruling to Vacate Order Enjoining Respondents from Removing Petitioner from the United States, ECF No. 11, is **GRANTED**;

3.  The Court's Order enjoining Respondents from removing Petitioner from the United States, ECF No. 5, is **VACATED**, and

4.  The Clerk of Court is respectfully directed to enter judgment in Respondents' favor and close this case.

DATED: July 1, 2026

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge

9