**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez**

Civil Action No. 26-cv-02084-RMR

RUDY ALEXANDER VILLEDA MEJIA,

      Petitioner,

v.

JUAN BALTAZAR, in his official capacity as Warden of the ICE Denver Contract Detention Facility,
GEORGE VALDEZ, in his official capacity as Director of the Denver Field Office of United States Immigration and Customs Enforcement, Enforcement and Removal Operations,
MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security, and
TODD BLANCHE, in his official capacity as Acting Attorney General of the United States,

      Respondents.

---

**ORDER**

---

On July 1, 2026, the Court denied Petitioner's Petition for Writ of Habeas Corpus following the Ninth Circuit's dismissal of Petitioner's motion to seek review of the Board of Immigration Appeals' ("BIA") order declining to reopen his removing proceedings. ECF No. 12 at 7. The Court reasoned that, while Petitioner's detention had exceeded the presumptively reasonable six-month period under *Zadvydas*, the government was able to sufficiently demonstrate that his removal was reasonably foreseeable. *Id.* The Court vacated its order enjoining Respondents from removing Petitioner from the United States and entered judgment in this case. *Id.* at 9.

Weeks later, Petitioner filed an Emergency Motion to Alter Judgment under Fed. R. Civ. P. 59(e).[1] ECF No. 16. In the Emergency Motion, Petitioner argues that the Court erred in its denial of both the Petition (ECF No. 12) and request to stay this case (ECF No. 15). Petitioner suggests the Court did not consider his argument that Immigration and Customs Enforcement ("ICE") "violated his due process rights by re-detaining him without following any of the procedures its regulations require," which warrants his immediate release. ECF No. 16 at 9. In essence, Petitioner argues that Respondents "never identified the regulation under which it purported to revoke his release," and the Court should find this omission fatal to its justification for Petitioner's detention. *Id.* at 12. Additionally, Petitioner takes issue with the Court's reliance on *Tenemea v. Noemi*, No. 25-cv-09066-PMH, 2026 WL 948309 (S.D.N.Y. Apr. 8, 2026) and argues its "reasoning [was] flawed because the automatic stay for T petitioners does not arise solely from the action of a noncitizen; the government has to determine that the petition is bona fide." *Id.* Next, Petitioner clarifies his own ambiguous pronoun reference in his Emergency Motion to Stay and argues the Court came to the wrong conclusion. *Id.* at 14. Finally, he also offers new evidence that he is member of the Stay of Removal Class certified in *Immigr. Ctr. for Women & Child. v. Noem*, No. 2:25-CV-09848-AB-AS, 2026 WL 1455004, (C.D. Cal. May 20, 2026) ("*ICWC*").

---

[1] On August 1, 2026, Petitioner also filed an Emergency Motion for Temporary Restraining Order, ECF No. 20, requesting the Court to enjoin "his transfer outside the district or his removal from the United States pending a decision on his Rule 59(e) motion."

Petitioner's most persuasive argument is his final one – that he belongs to the Stay of Removal class. The Stay of Removal Class consists of "[a]ll individuals with a pending U or T visa petition who, since January 30, 2025, have been, are, or will be detained by ICE, and who request or requested a stay of a final removal order prior to enforcement of that removal order." *Id.* at *18. The T visa was created in 2000 and "provides legal status for survivors of severe human trafficking." *ICWC*, 2026 WL 1455004, at *3. "Congress authorized broad waivers of inadmissibility to allow a successful [T visa] petitioner to remain in the country despite being otherwise removable." *Id.* at *4. "T visa petitioners whose petitions USCIS determines present a prima facie case for approval or are bona fide are eligible for a combination of federal public benefits and protection from enforcement by ICE until USCIS finally adjudicates their petitions." *Id.* at *5. Such petitioners "are eligible for two different protections from deportation: a grant of deferred action from USCIS, or an administrative stay of removal from DHS." *Id.* The *ICWC* court ordered a stay of the "Blind Removal Policy" in favor of members of the Stay Removal Class. *Id.* at *47.

Petitioner indicates that he has a pending application for T nonimmigrant status, as evidenced in his second application for administrative stay of removal. ECF No. 16 at 7. Thus, he argues he is a Stay of Removal Class member. Indeed, the *ICWC* court clarifies that "the Stay of Removal Class consists of persons with a pending U visa or T visa petition who "request or requested a stay" of removal, but whom Defendants have detained or seek to detain after January 30, 2025." *Id.* at *23. Today, Petitioner falls within this class, is protected from removal, and must be released. Therefore, Respondents are

3

enjoined from removing Petitioner from the United States until his T visa application and/or application for administrative stay of removal are final or until there is a dismissal of the class action.

The Court must acknowledge Petitioner's issues with respect to the Court's prior orders. First, Petitioner's argument in his reply to the Petition previously failed to persuade the Court that case law determining "ICE's failure to follow its own regulations when revoking a noncitizens' release on an order of supervision through a failure to timely state the specific reason" applied to him. ECF No. 10 at 4. Petitioner unequivocally admitted he was not released under an Order of Supervision and did not provide the Court with documentation suggesting he received an Order of Supervision. ECF No. 2 at 12, ¶ 54 (stating Petitioner "does not have or recall receiving an Order of Supervision"). Therefore, the Court maintains this argument was—and remains—inapplicable to Petitioner. Second, the Court's citation to *Tenemea* was intended to explain that the Court could not rely on Petitioner's abstract argument that his removal was not reasonably foreseeable based on a T visa application he had not yet filed. Thus, the Court's reference to *Tenemea* was not misplaced. Finally, Petitioner concedes that his own ambiguous pronoun reference in his Motion for a Stay "could conceivably refer to ICE." ECF No. 16 at 14. The Court will not reconsider its decisions on the basis that it "misapprehended" an unclear sentence. Even so, the Court finds Petitioner's current circumstances warrant his immediate release pending review of his T visa application pursuant to the Stay of Removal class in *ICWC.*

4

## CONCLUSION

Accordingly, consistent with the foregoing analysis and based on the Court's review of the filings and documents before the Court, pursuant to the Court's authority under 28 U.S.C. § 2241(c)(3), **IT IS HEREBY ORDERED THAT**:

1. Petitioner's Emergency Motion to Alter Judgment, ECF No. 16, is **GRANTED**;

2. Respondents shall release Petitioner within **24 hours** of this Court's order and may not impose any additional conditions of release or supervision,

3. Respondents shall file a status report within **TWO DAYS** of Petitioner's release to certify compliance;

4. Respondents are further **ENJOINED AND RESTRAINED** from re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified. At any such bond hearing, the government shall bear the burden of proof; and

5. Given the Court's ruling on the Emergency Motion to Alter Judgment, Petitioner's Emergency Motion for Temporary Restraining Order, ECF No. 20, is **DENIED AS MOOT**.

DATED: August 3, 2026

BY THE COURT:

_____

REGINA M. RODRIGUEZ
United States District Judge